RAMIREZ, J.
Darren Mathis appeals the denial of his motion to suppress cocaine found on his person pursuant to an illegal search. Because we conclude that under the totality of the circumstances the officer lacked probable cause to search Mathis, we reverse.
At the hearing on the motion, the arresting officer testified that he first became aware of Mathis through a tipster. He described the informant as someone that he knew for approximately two years. He also testified that he had received forty to sixty calls from the same informant. The informant had never given the officer information that did not later match up at the scene.
On this occasion, the informant told the officer that there was a man standing on a specific street corner selling narcotics. The informant described the man, including what the man was wearing. The informant also told the officer that the narcotics were inside Mathis’ left front pocket. On cross-examination, the officer described the tip as “a call of an alleged hand-to-hand transaction.” Based on this, the officer stopped Mathis, reached into Mathis’ left front pocket, and retrieved a sandwich bag with sixteen suspected rocks of crack cocaine.
The trial court determined that the officer had probable cause to stop Mathis and conduct a search based on State v. Butler, 655 So.2d 1128 (Fla.1995). Indeed this case is similar to Butler, where the officer was contacted by a known, reliable confidential police informant. Id. at 1124. The informant told the officer that a black male was selling powdered cocaine at a particular location known to officer to be part of an area with a high volume of street level drug sales. Id. at 1125. In fact, the officer had seized crack cocaine two months earlier at this exact location. Id. The informant described the suspect and how he had wrapped cocaine inside rolled-up one-dollar bills and placed them in his pants pocket, ready to sell. Id.
Within fifteen minutes of receiving this tip, the officer approached the only person matching the description. Id. This person was Butler. Id. He initially turned as if to walk away, but then stopped. Id. The officer patted Butler down on the outside of his clothing and felt a large, soft bulge in his pants pocket, which he believed to be money. Id. The officer asked Butler about the bulge, and Butler responded that it was twenty-eight one-dollar bills. Id. The officer then reached into Butler’s pocket and retrieved the folded money (i.e., twenty-seven or twenty-eight bills), but found no cocaine. Id. However, when the officer reached into the pocket again, he retrieved another folded dollar bill which contained powdered cocaine as the informant had described. Id.
Our case is similar to Butler in that the informant was reliable and credible. The critical difference is that the informant here did not describe the type of drugs sold or the method of delivery. In fact, all we know is that the informant observed a hand-to-hand transaction. As such, our case is more analogous to Chaney v. State, 956 So.2d 535 (Fla. 4th DCA 2007), where the court held that the evidence should have been suppressed. There, the officer was just leaving police station when she was approached by an unknown person. Id. at 536. He told her that while he was working that day, he witnessed what he believed to be several drug transactions across the street. Id. He described the location and told the officer that he saw several people drive up and walk over to a man, who, in exchange for money, gave those individuals some items. Id. He told the officer he believed *447 those items were drugs, although he did not specify the type of drugs. Id. He did not recognize any of the participants in the transactions. Id. He described the scene and the suspect as a black male wearing a red jersey shirt sitting in front of the house, accompanied by a black female wearing white. Id. He said the couple had chairs set up inside a fence. Id. He said he saw the male conduct several hand-to-hand transactions throughout the day and that he kept the “items” in the back pocket of his pants. Id.
The Chaney court determined that this constituted information from a “citizen-informant” at the high end of the tip-reliability scale, but its concern centered on whether the content of this particular tip was sufficient under the totality of the circumstances to provide the officer with probable cause to search Chaney. Id. at 538. “Observations by an untrained layperson of multiple hand-to-hand transactions, standing alone, do not necessarily provide sufficient information for detention or arrest by a police officer.” Id. Even if the hand-to-hand transactions had been observed by a trained police officer, Florida courts have considered several factors in determining whether observation of such transactions create reasonable suspicion or probable cause. “These factors include the experience and training of the officer in narcotics investigations, reputation of the location for drug activity, history of previous arrests from that site, prior knowledge of the suspects, quality and extent of surveillance, and detailed description of the event.” Id. at 539. We conclude that observations by informants, even reliable ones, should at least meet the same standards as observations by trained police officers.
Our case is similar to Chaney in that the record is devoid of any testimony that the location described by the informant had any prior history of drug transactions or arrests or that the police officer had any prior knowledge of the defendant’s involvement in drug dealing. In both cases, the officer was uncertain whether the citizen informant could actually see any drugs being exchanged for money, and did not conduct any surveillance or acquire additional information to confirm the informant’s report of suspected drug activity. In both cases, the officers corroborated the tip only as to physical description of the location and the suspects. Our case is even weaker than Chaney in that the informant only described one hand-to-hand transaction. See also Ford v. State, 783 So.2d 284, 286 (Fla. 2d DCA 2001) (holding that detention of the defendant was not justified where the officer did not observe the transaction and could not testify that the manner of exchange resembled a drug deal; the officer did not know the defendant or the other man who handed him something; - and there was no testimony about the reputation of the area for drug transactions).
We conclude that the State failed to meet its burden to prove that the officer had probable cause to reach into Mathis’ pocket and seize its contents. The confidential informant’s report of observing a hand-to-hand transaction, standing alone, was insufficient under the totality of the circumstances to provide the officer with probable cause to search Mathis. Accordingly, we reverse the order denying his motion to suppress the evidence.
Reversed and remanded.